UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMBER BRIDGES, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMAND |
| *vs.* | ) | |
| | ) | Case No. |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Amber Bridges ("Bridges"), for her Complaint against Defendant City of Indianapolis ("City") states as follows:

<u>Introduction</u>

1.     This is an action for damages against the City for its discriminatory treatment and wrongful termination of Bridges' employment in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

2.     The City terminated Bridges because of her association with an individual whom the City regarded has having a physical impairment protected under the ADA.

3.     The City treated Bridges in a different manner than other employees based on Bridges' association with the individual it perceived as being disabled because the City believed her association distracted her from work.

<u>EEOC Compliance</u>

4.     Bridges exhausted all of the administrative proceedings available to her by timely filing a *Charge of Discrimination* on the basis of ADA association discrimination with the Equal Employment Opportunity Commission ("EEOC"). Bridges filed her charge of discrimination with the EEOC on or about August 15, 2017. A copy of Bridge's Charge of Discrimination filed with the EEOC

is attached and marked as Exhibit "1". This was done in compliant with 42 U.S.C. § 2000e-5.

5.      Bridges received a *Dismissal and Notice of Rights* on or about September 26, 2017. A copy of the *Dismissal and Notice of Rights* is attached and marked as Exhibit "2".

<u>Jurisdiction</u>

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Bridges' cause of action arising under the ADA and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.      Venue lies in the United States District Court for the Southern District of Indiana because a substantial part of the events or omissions giving rise to Bridges' claims occurred in Indianapolis, Indiana. 28 U.S.C. § 1391(b)(2).

8.      Divisional venue is in the Indianapolis Division because the events leading to the claim for relief arose in Marion County.

<u>Parties</u>

9.      Bridges is an adult citizen and resident of Indianapolis, Marion County, Indiana.

10.     The City is located in Indianapolis, Marion County, Indiana. It is a municipal corporation.

11.     The City is an employer within the meaning of the ADA, employing more than twenty-five (25) employees at all relevant times.

12.     At all time material hereto, Bridges was an employee and the City her employer, covered by and within the meaning of Title I of the ADA. 42 U.S.C. § 12111(5)(a).

<u>Background</u>

13.     In 2010, Bridges agreed to work for the City.

14.     At all times relevant herein, Bridges worked for the City as Lead Staff in the Magistrate

Court.

15.    As Lead Staff in the Magistrate Court, Bridges was responsible for providing oversight and coordination, work direction, and training of employees to ensure daily operational activities of the Magistrate Court.

16.    Upon information and belief, Bridges performed her Lead Staff duties and responsibilities with an exemplary and unblemished employment record.

17.    Mia McRoy was employed as a staff/clerk in the Magistrate Court during Bridges' tenure as Lead Staff ("McRoy").

18.    McRoy suffered from an obnoxious chronic body odor condition throughout her employment tenure in the Magistrate Court that interfered with and distracted her co-employees from performing their respective employment duties and responsibilities.

19.    In or about November, 2016, the other staff/clerks and employees assigned to the Magistrate Court – Sandra Chavez, Chantel Finkton, Edward Dancy, Loren Ayers, Kelsey Farrel and Edwardo Arrendondo – openly complained about McRoy's chronic body odor.

20.    Bridges notified her immediate supervisor, Angela Bittle, Operations Manager ("Bittle"), of the complaints concerning McRoy's chronic body odor.

21.    Thereafter, Bridges purchased, installed and dispensed various air fresheners throughout the work area to improve the overall quality of air in the office.

22.    Bittle was aware of and did not voice concern or opposition with Bridges' use of air fresheners.

23.    On various occasions, the other staff/clerks in the Magistrate Court brought and dispensed air fresheners into the workplace to address and minimize McRoys' obnoxious chronic body odor condition to improve professional demeanor and productivity.

24.    On or about May 11, 2017, Bridges was notified for the first time that McRoy had made

3

various complaints ab out the use of air fresheners in the work area to Bittle and Paige Bova, Human Resources Director ("Bova").

25.      Bittle and Bova informed Bridges that her use of the air fresheners created an uncomfortable and hostile work environment toward McRoy.

26.      Bittle and Bova further advised Bridges that her use of air fresheners created "big problems" and an "environment that they're [the staff/clerks and other employees assigned to the Magistrate Court] afraid."

27.      Bittle and Bova notified Bridges that they could no longer "trust" her in "the leadership role" that they entrusted her in Magistrate Court, and they decided that Bridges "can't stay in the role of the team lead."

28.      On or about May 11, 2017, Bittle and Bova terminated Bridges' employment relationship with the City based primarily upon her association with McRoy because it distracted from the overall professional demeanor at and productivity of the Magistrate Court.

29.      Bittle and Bova also claimed that Bridges termination was warranted based upon Bridges' purported abuse and wrongful invocation of supervisorial authority over the other staff/clerks and employees assigned to the Magistrate Court, in conjunction with her instigation and perpetuation of gossip concerning McRoy in the workplace.

30.      Bittle and Bova's reasons for Bridges termination set forth in paragraph 28 above are false, and the real reason was because the City regarded McRoy's obnoxious chronic body odor condition to be a disability protected under the ADA.

31.      As a direct and proximate result of the foregoing conduct:

     (a)      Bridges incurred and continues to incur a substantial loss of present and future income;

     (b)      Bridges has lost the fringe benefits provided by the City;

(c)     Bridges has suffered damage to her career;

(d)     Bridges has suffered mental and physical anguish; and

(e)     Bridges has incurred additional financial losses, including the costs associated with invoking her federally protected civil rights.

## Statement of Claims

### COUNT I
*(Association Discrimination Under The Americans With Disabilities Act)*

32.     Bridges re-alleges and incorporates by reference paragraphs 1 through 31.

33.     Bridges' employment was terminated, in substantial part, due to her association with McRoy whom the City perceived to be disabled. 42 U.S.C. § 12112(b)(4).

34.     Bridges claims damages under Title I of the ADA for the injuries set forth above against the City for violations of her federally protected civil rights.

35.     The City's conduct was outrageous and malicious, was intended to injure Bridges, and was done with reckless indifference to Bridges' protected civil rights, entitling her to an aware of punitive damages.

## Prayer For Relief

WHEREFORE, Plaintiff Amber Bridges respectfully requests this Court:

A.     Enter judgment in favor of Bridges and against Defendant City of Indianapolis;

B.     Enter an order declaring Defendant City's conduct a violation of the ADA;

C.     Award Bridges compensatory and punitive damages against Defendant City;

D.     Award Bridges' counsel reasonable attorneys' fees and costs;

E.     Enter a permanent injunction, upon proper motion, requiring Defendant City to adopt appropriate policies related to the hiring, training and supervision of its employees; and

F.     Grant Bridges such other and further relief as may be just and proper under the

circumstances, including but not limited to appropriate injunctive relief.

## Jury Trial Demand

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

 /s/  Robert M. Oakley
Daniel K. Dilley (22715-49)
Robert M. Oakley (26890-06)
DILLEY & OAKLEY, P.C.
933 Keystone Way
Carmel, Indiana 46032
O: (317) 564-4932
Email:  firm@dilley-oakley.com